IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-hc-02136-BO

| | |
|---|---|
| CHRISTOPHER MOSBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NORA HUNT, et al., ) | |
| ) | |
| Respondents. ) | |

This matter is before the court on a petition seeking a writ of habeas corpus [D.E. 1], motions seeking the return of property [D.E. 4, 8], and the Memorandum Recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II [D.E. 5]. For the reasons discussed below, the court will adopt in part the M&R, dismiss the habeas petition, and direct petitioner to inform the court whether he consents to the conversion of his pending motions into a civil action against the United States pursuant to 18 U.S.C. § 983.

Background:

On June 13, 2016, Christopher Mosby ("Mosby"), a state prisoner at Columbus Correctional Institution, filed pro se a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that challenged the revocation of his parole. See [D.E. 1]. On April 20, 2017, Mosby filed a motion seeking the return of property pursuant to Federal Rule of Criminal Procedure 41 [D.E. 4]. Pursuant to 28 U.S.C. § 636(b)(1), the court referred the petition and motion to Magistrate Judge Numbers.

On May 12, 2017, Magistrate Judge Numbers issued an M&R recommending that the court deny Mosby's petition and dismiss his motion for return of property. See [D.E. 5]. The M&R specifically noted that Mosby had previously filed in this jurisdiction a section 2254 habeas petition

that was dismissed without prejudice for two reasons: (1) Mosby's petition was barred under the one-year limitation of 28 U.S.C. § 2244(d)(1)(D) because he had filed that petition more than one year after his parole was revoked on October 26, 2012; and (2) Mosby had failed to exhaust his state remedies before filing his habeas petition as required by 28 U.S.C. § 2254(b)(1)(A). Id. at 2 (citing Mosby v. Solomon, No. 5:15-HC-2026-BO (E.D.N.C. Dec. 2, 2015)). The M&R concluded that Mosby's subsequent attempts to exhaust his state remedies could not revive the one-year limitation period such that the instant section 2254 petition should be dismissed as untimely. Id. at 2–3. As to Mosby's motion seeking the return of property, the M&R summarily noted that "a habeas corpus action is not the appropriate vehicle to request return of property" and recommended that the motion be denied. Id. at 3.

On May 26, 2017, Mosby timely filed written objections to the M&R arguing, among other things, that, pursuant to Rule 12 of the Federal Rules of Civil Procedure subsection (b)(1)(3) [sic], the "court lacks the jurisdiction over the subject matter by improper division [sic]." [D.E. 7] at 1. Mosby acknowledges the dismissal of his previous section 2254 petition, notes that he has initiated state habeas proceedings, and asks the court to remove from the docket his instant federal habeas petition. Id. at 1, 3, 5. Mosby states that the actual matter that he wishes to contest is the seizure of $18,507.00 in U.S. currency. Id. at 3. Mosby further asserts that he intends to file a motion seeking the return of this property pursuant to Rule 41 of the Federal Rules of Criminal Procedure and asks the court to provide a new docket number for this "return of property" claim. Id.

Also on May 26, 2017, Mosby filed another motion seeking the return of property generally arguing, among other things, that (1) the seizure was not justified by proof of illegal activity; (2) Brunswick County Superior Court had ordered the return of the property; (3) he had not been given proper notice of the forfeiture proceedings. See [D.E. 8] at 1.

2

Legal Standard:

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149-50 (1985); cf. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation and citation omitted).

Discussion:

Although Mosby timely filed objections to the M&R, he does not specifically contest the finding that his section 2254 petition is untimely. Cf. 28 U.S.C. § 636(b)(1). Instead, he explicitly requests that the court dismiss the petition. [D.E. 7] at 5. Accordingly, because the court is satisfied that there is no clear error on the face of the record, the court accepts the M&R recommendation that Mosby's section 2254 petition be dismissed. See Diamond, 416 F.3d at 315. Moreover, because Mosby has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), the court also will deny a certificate of appealability as to his habeas petition, see Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As to the portion of the M&R to which Mosby objects–namely, the recommendation that his initial motion seeking the return of property be denied because a habeas petition is an inappropriate vehicle for such a request–the court conducts its review de novo. See 28 U.S.C. § 636(b)(1).

Mosby previously raised claims in this court regarding this seized money. See Mosby v. Sykes, No. 5:15-CT-3202-BO, 2017 WL 4102487, at *2–3 (E.D.N.C. Feb. 23, 2017) (noting that the money was seized by the U.S. Drug Enforcement Agency (DEA) "under a federal statute, 21 U.S.C. § 881, that allows for the seizure of money when law enforcement officers have probable

3

cause to believe it is connected to illegal drug transactions" and finding that Mosby's claim seeking the return of the money pursuant to 42 U.S.C. § 1983 failed because his "only remedy is through the federal administrative forfeiture proceeding or a suit against the federal government for failure to provide him with due process, and not with the named defendants...."), aff'd, 692 F. App'x 755 (4th Cir. 2017); Mosby v. Ingram, No. 5:15-ct-03247-BO (E.D.N.C March 28, 2016) (denying a petition for a Writ of Mandamus to compel the return of money confiscated during an August 8, 2012, traffic stop because Mosby had not demonstrated entitlement to this extraordinary writ).

In his motions seeking the return of property, Mosby attempts to rely on Federal Rule of Criminal Procedure 41. See [D.E. 4] at 1; [D.E. 7] at 3; [D.E. 8] at 1. This rule states, in relevant part: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.... in the district where the property was seized." Fed. R. Crim. P. 41(g). However, "civil property forfeiture for violating a federal statute" is explicitly listed among the proceedings that are not governed by the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 1(a)(5)(B). This court previously found that the money in question was seized pursuant to 21 U.S.C. § 881, and that the DEA initiated civil forfeiture proceedings against the money. See Mosby, No. 5:15-CT-3202-BO, 2017 WL 4102487, at *2. Accordingly, Mosby's claim may not proceed pursuant to Federal Criminal Rule 41. See United States v. Fofo, 109 F. App'x 775, 776 (6th Cir. 2004) ("A person aggrieved by an unlawful search and seizure or deprivation of property generally may petition for its return pursuant to Fed. R. Crim. P. 41(g) (former version at Rule 41(e)). However, relief is not available under the Federal Rules of Criminal Procedure to challenge the result of a civil forfeiture. See Fed. R. Crim. P. 1(a)(5)(B) (former version at Rule 54(b)(5)).").

Liberally construing Mosby's pro se filings, the court gleans that he possesses a present intent to proceed in a civil action against the United States regarding the seizure and forfeiture of the

4

money. Nevertheless, as the M&R noted, Mosby may not seek such relief in his instant federal habeas petition. Rather, motions seeking the return of civilly forfeited property are purely civil in nature, unlike habeas actions, and therefore subject to the requirements of the Prison Litigation Reform Act of 1995 (PLRA), to include the venue, appeal period, and filing fee provisions. See, e.g., United States v. Jones, 215 F.3d 467, 469 (4th Cir. 2000).

To the extent that Mosby alleges that the notice of forfeiture was not received, see [D.E. 8] at 1, he may file a motion to set aside the forfeiture for lack of notice. See 18 U.S.C. § 983(e). However, such a motion "may be filed not later than 5 years after the date of final publication of notice of seizure of the property." 18 U.S.C. § 983(e)(3). As noted above, the DEA initiated civil forfeiture proceedings on August 29, 2012. Thus, Mosby's cause of action under section 983(e) appears to have expired and, if the court were to dismiss entirely the matter as improperly raised within his federal habeas petition, it is unclear whether Mosby would have any alternative recourse.

In light of Mosby's apparent intent to initiate proceedings against the United States, as well as the potentially harsh result of a wholesale dismissal in this case, the court gives Mosby until March 8, 2018, to respond whether he consents to converting his motions seeking the return of property [D.E. 4, 8] into a civil suit against the United States pursuant to 18 U.S.C. § 983. See, e.g., Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may "ignore the label that a pro se litigant attached to a motion and recharacterize the motion in order to place it within a different legal category"). The court makes no finding as to Mosby's likelihood of success in any such claim but cautions Mosby that failure to respond to this order will result in the dismissal of all pending motions in this matter.

The court also reminds Mosby that converting his present claim–thus far proceeding as a habeas petition with an accompanying filing fee of $5.00–into a private civil action against the

5

United States will also obligate him for the full amount of the $400.00 filing fee, even if he elects to proceed in forma pauperis under 28 U.S.C. § 1915. Mosby will be responsible for paying "an initial partial filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(b)(1)(A), (B). Thereafter, payments from his prisoner trust account will be forwarded to the clerk of court any time the amount in the account exceeds $10 until the filing fees are paid. See 28 U.S.C. § 1915(b)(2).

Conclusion:

For the reasons discussed above, the court:

1) ADOPTS IN PART the conclusions of the M&R [D.E. 5] recommending the dismissal of Mosby's habeas petition;

2) DISMISSES Mosby's Habeas petition [D.E. 1];

3) DENIES a certificate of appealability. 28 U.S.C. § 2253(c); see also Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

4) DIRECTS Mosby to respond not later than March 8, 2018, whether he consents to converting his pending motions seeking the return of property [D.E. 4, 8] into a suit against the United States pursuant to 18 U.S.C. § 983.

SO ORDERED. This _14_ day of February 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge